**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



------------------------------------x

GODFREY MOLEMOHI,

              Petitioner,

      -against-

PEOPLE OF THE STATE OF NEW YORK;
LYNN J. LILLEY, *Superintendent*,

           Respondents.

------------------------------------x

:
:
:
:
:
:
:
:
:
:
:
:

MEMORANDUM DECISION
AND ORDER

18 Civ. 9740 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

Pro Se Petitioner Godfrey Molemohi seeks a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, arguing that his due process rights were violated. (Pet. for Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2254 ("Pet."), ECF No. 1.) On May 16, 2019, Respondents filed a motion to dismiss

the petition as untimely. (Notice of Mot. to Dismiss the Habeas Pet. ("Notice of Mot."),

ECF No. 18; *see also* Mem. of Law in Supp. of Resp'ts' Mot. to Dismiss the Pet. for a Writ of

Habeas Corpus ("Mem. in Supp."), ECF No. 20.) Before this Court is Magistrate Judge Cott's

October 8, 2019 Report and Recommendation (the "Report"), recommending that this Court grant

Respondents' motion and dismiss the petition. (Report, ECF No. 21, at 17.) The Report also

recommends that this Court not issue a certificate of appealability because Petitioner has failed to

raise an issue that merits appellate review pursuant to 28 U.S.C. § 2253. (*Id.*) Magistrate Judge

Cott advised the parties that failure to file timely objections to the Report would constitute a waiver

of those objections on appeal. (*Id.* at 17–18.) Petitioner filed untimely objections on November 6,

2019.[1] (Pet'r's Objs. to the Magistrate Judge's R. & R. ("Pet'r's Objs."), ECF No. 23.) Having

---

[1] Petitioner's objections were docketed on November 6, 2019, although the document itself is dated
October 30, 2019. Regardless of which date this Court considers, Petitioner's objections, which were due

reviewed Magistrate Judge Cott's Report, as well as Petitioner's objections, this Court ADOPTS the Report and overrules the objections. Accordingly, the motion is GRANTED and the petition is DISMISSED.

## I.   FACTUAL BACKGROUND

Plaintiff's claims arise out of his June 13, 2011 state conviction in New York County Supreme Court for two counts of Assault in the First Degree, one count of Assault in the Third Degree, and one count of Attempted Assault in the Third Degree. (*See* Pet. at 1.) After he was sentenced to a cumulative determinate term of 15 years' incarceration on November 13, 2012, Petitioner appealed his conviction to the Appellate Division, First Department. (*Id.* at 1–2.) *See also People v. Molemohi*, 48 N.Y.S.3d 350 (1st Dep't 2017). The Appellate Division affirmed the conviction on February 23, 2017, and Petitioner sought leave to appeal that decision. (*See* Pet. at 2–3.) The New York Court of Appeals denied his application on June 22, 2017, and subsequently, Petitioner's appellate counsel sent him a letter dated June 30, 2017 notifying him that his request was denied. (*Id.* at 5, 20.) *See also People v. Molemohi*, 29 N.Y.3d 1083 (2017).

On December 29, 2014, while his direct appeals process was ongoing, Petitioner filed a motion in state court to vacate his conviction, asserting a claim of ineffective assistance of counsel (the "December 29, 2014 Motion"). (*See* Decl. in Supp. of Resp'ts' Mot. to Dismiss ("Resp. Decl."), Ex. B (Mot. for Ineffective Assistance of Counsel), ECF No. 19-1, at 8–79.) The New York State Supreme Court found that Petitioner had not met his burden and denied his motion on December 4, 2015. (*Id.*, Ex. C (Dec. 4, 2015 Decision & Order (the "December 4, 2015 Order")), ECF No. 19-1, at 81–103.) Petitioner moved for leave to appeal that decision and the Appellate

---

on or before October 25, 2019, were untimely. Notwithstanding their untimeliness, this Court has considered Petitioner's objections.

Division denied his application on March 3, 2016. (*Id.*, Ex. D (Certificate Denying Leave to Appeal), ECF No. 19-1, at 105.)

Petitioner filed his habeas petition before this Court on October 23, 2018,[2] claiming that his due process rights were violated because of (1) ineffective assistance of counsel at trial; (2) improperly admitted *Molineux* evidence; (3) prosecutorial misconduct; and (4) an inappropriate jury instruction regarding the evaluation of his trial testimony. (Pet. at 5–14.) In his petition, Petitioner affirmatively acknowledges the tardiness of the filing, arguing that he was interrupted by two prison transfers that caused various issues and disturbances, which he describes in detail. (*Id.* at 18–19, 21.) Additionally, the petition attaches a letter dated June 21 of an unidentified year, addressed to "U.S. District Court" and titled "Notice of Application for Extension of Time," wherein Petitioner requests a 90-day extension to file his petition (the "June 2018 Letter").[3] (*Id.* at 17.) Petitioner provides no evidence that this letter was ever sent or received by this Court prior to October 23, 2018, the date on which Petitioner filed his petition.

On December 11, 2018, United States District Court Judge Louis L. Stanton directed Petitioner to show cause as to why his petition should not be dismissed as untimely. (*See* Order, ECF No. 3.) Petitioner's response largely reiterated the arguments he previously included in his petition. (*See* Pet'r's Decl., ECF No. 4; Mem. of Law, ECF No. 5.)

On May 16, 2019, Respondents filed their motion to dismiss the petition as untimely. (*See* Notice of Mot.; *see also* Mem. in Supp.) In Petitioner's opposition brief and companion

---

[2] Both Petitioner's objections and the Report state that the petition was filed on October 18, 2018, although the docket reflects that petitioner did not file until October 23, 2018. Despite this discrepancy, this Court's holdings remain the same for the reasons stated herein.

[3] Although the version of the letter attached to the petition does not include a year, Petitioner attaches a separate copy of the same letter, notarized on June 22, 2018, to his objections. (*See* Pet'r's Objs. at 6.) This timing aligns with his claims about issues he faced while incarcerated, and Petitioner does not object to the Report's statement that he drafted this letter in 2018. (*See* Report at 16.)

declaration, he added detail to his previous claims, providing further context as to some of the less-than-ideal conditions he faced while drafting his habeas petition. (*See* Traverse ("Pet'r's Opp."), ECF No. 14; Pet'r's Decl. in Opp. ("Decl. in Opp."), ECF No. 16.)

## II.    LEGAL STANDARD

"Although a magistrate may hear dispositive pretrial motions, [s]he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case

law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

## III. THE PETITION IS DISMISSED AS TIME-BARRED

Magistrate Judge Cott correctly found that dismissal of the petition is warranted, given that the petition is untimely and Petitioner failed to demonstrate that he is entitled to a tolling of the statute of limitations.

### A. The Petition is Untimely.

Magistrate Judge Cott found that Petitioner's October 23, 2018 habeas petition is time-barred under 28 U.S.C. § 2244 (d)(1). As the Report outlines, the Antiterrorism and Effective Death Penalty Act requires, in relevant part, that a state prisoner whose conviction has become final must seek federal habeas corpus relief within one year from the date of final judgment. 28 U.S.C. § 2244(d)(1)(A). (*See also* Report at 7–8.) The Report correctly found that Petitioner's conviction became final on September 21, 2017, 90 days after the New York Court of Appeals denied Petitioner's application for leave to appeal on June 22, 2017. (*Id.* at 9–10.) Because Petitioner did not file his petition until October 23, 2018, more than one year after his conviction became final, the Report appropriately found that the petition was untimely.

Petitioner does not object to this portion of Magistrate Judge Cott's report. Indeed, in his petition, opposition papers, and objections, Petitioner affirmatively acknowledges that his petition was untimely and asserts arguments as to why this Court should excuse his tardiness. (*See* Pet. at 18–19, 21; Pet'r's Opp. at ¶ 1; Decl. in Opp.; Pet'r's Objs.) Because Petitioner does not object to this portion of the Report, this Court need review Magistrate Judge Cott's analysis only for clear error. Based on the dates of the New York Court of Appeals' denial of Petitioner's application for leave to appeal (*i.e.*, the date on which Petitioner's conviction became final) and the date on which Petitioner filed his petition, the Report correctly found that the petition was untimely.

5

**B. Petitioner is Not Entitled to a Tolling of the Statute of Limitations.**

Magistrate Judge Cott correctly found that Petitioner has not demonstrated that he is entitled to a tolling of the statute of limitations. (Report at 10–17.)

### 1. Petitioner is Not Entitled to a Statutory Tolling.

The Report first analyzed whether Petitioner is entitled to a statutory tolling of the statute of limitations, considering the December 29, 2014 Motion, wherein he moved to vacate his conviction. Ultimately, the Report correctly found that the motion was resolved on March 3, 2016, the date on which the Appellate Division denied Petitioner's motion for leave to appeal the December 4, 2015 Order. Because the resolution of this motion was nearly one-and-one-half years before the Petitioner's conviction became final, the Report found that it does not affect the statute of limitations. (*Id.* at 10–11.)

This issue was raised by Respondents in their motion, but neither Petitioner's opposition papers nor his objections mention this issue. Because Petitioner does not object to this portion of the Report, this Court need review Magistrate Judge Cott's analysis only for clear error. Based on the dates of the New York Court of Appeals' denial of Petitioner's application for leave to appeal (*i.e.*, the date on which Petitioner's conviction became final) and the date of the Appellate Division's denial of Petitioner's application for leave to appeal (*i.e.*, the date on which Petitioner's motion to vacate was resolved), the Report appropriately found that the December 29, 2014 Motion had no effect on the timing of the filing of the petition, and therefore, Petitioner is not entitled to a statutory tolling of the statute of limitations.

### 2. Petitioner is Not Entitled to an Equitable Tolling.

The Report next analyzed whether Petitioner is entitled to an equitable tolling of the statute of limitations. As the Report outlined, a Petitioner claiming entitlement to an equitable tolling must demonstrate that (1) the delay in filing was due to some extraordinary circumstances, and (2)

6

despite the delay, he or she has pursued his or her rights diligently. (*See id.* at 11–17 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).) The Report correctly found that Petitioner has not demonstrated that he was subject to any extraordinary circumstances or that he acted with reasonable diligence, despite Petitioner's conclusory statements to the contrary.

Petitioner's objections to Magistrate Judge Cott's findings are perfunctory because they largely repeat the arguments he made, and information he asserted, in his original petition and opposition papers. Indeed, Petitioner repeatedly claims that his delay was due largely to issues that arose from his two transfers to different prisons, including his feeling "traumatized" after a "long bus ride in shackles" and the length of time Petitioner required to familiarize himself with procedures at each prison, as well as other disruptions, including issues with cell mates, required attendance at multiple programs, and cell-searches that left Petitioner's work in "disarray." (*Compare* Decl. in Opp. *and* Pet'r's Objs.) Petitioner's objections do not contribute any novel substance to his assertions other than to add a handful of scattered details to his previous claims, which do not affect his arguments in any meaningful way. Because Petitioner's objections to this portion of the report are merely perfunctory, this Court need review Magistrate Judge Cott's analysis only for clear error.

The Report correctly found that despite Petitioner's claim that his surrounding environment "may have been 'stressful,' 'disruptive,' and 'd[e]stabilizing,'" this alone does not demonstrate that Petitioner's circumstances were sufficiently severe to justify equitable tolling. (Report at 13 (alteration in original).) Moreover, the Report properly notes that Petitioner "had nearly nine months between the two transfers and nearly six months after the second transfer to submit his petition before the September 21, 2018 deadline," and Petitioner does not allege that "he was

7

deprived of access to his legal materials for any length of time," that at any point "all the legal grounds and supporting facts needed to complete the instant petition were unavailable to him," or that he was subject to a "total denial of access to a law library." (*Id.* at 14.)

With regard to Petitioner's conclusory allegations that he "acted with reasonable diligence throughout the period he sought to have toll[ed]," (Pet'r's Opp. at 1; Decl. in Opp. at 1), the Report correctly found that the only articulable indication Petitioner makes to demonstrate his efforts is the June 2018 Letter, which, notably, there is no evidence that he ever mailed. (*See* Report at 16–17; *see also* June 2018 Letter.) Moreover, as the Report explains, even assuming, *arguendo*, that Petitioner did, in fact, mail the June 2018 Letter requesting an extension, he did not do so until one year after his state appeals process was exhausted. (*See* Report at 16.) Therefore, the Report properly found that Petitioner has not demonstrated that he is entitled to an equitable tolling of the statute of limitations.

Accordingly, because the petition is time-barred and Petitioner is not entitled to toll the statute of limitations, his claims are dismissed.

As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d. Cir. 1998); *United States v. Perez*, 129 F.3d 255, 259–060 (2d Cir. 1997): *Lozada v. United States*, 107 F.3d 1011 (2d Cir. 1997). Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Malley v. Corporation Counsel of the City of New York*, 9 F. App'x 58, 60 (2d Cir. 2001).

## IV. CONCLUSION

Petitioner's objections to Magistrate Judge Cott's Report are DENIED, and Magistrate

Judge Cott's Report, (ECF No. 21), is ADOPTED.   The Clerk of Court is directed to close the

motion accordingly.


Dated: New York, New York
       March 19, 2020

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge